# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ALVIN FLINT,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0298** (BOR Appeal No. 2055840)
                      (Claim No. 2018003402)

**ARCH COAL, INC.,**
**Employer Below, Respondent**


# MEMORANDUM DECISION

Petitioner Alvin Flint, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Arch Coal, Inc., by Counsel Daniel G. Murdock, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 1% permanent partial disability award on April 23, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its October 15, 2020, Order. The Order was affirmed by the Board of Review on March 18, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Flint, a supply man, injured his left shoulder while pulling a metal strap out of a trash bin on August 9, 2017. The Employees' and Physicians' Report of Injury was completed on November 14, 2017. The physician's section was completed by Cathy Hamblin, FNP-C, who diagnosed lumbar, thoracic, and left shoulder sprains. It was noted that the work injury aggravated a prior low back injury, but the shoulder injury was new.

A November 14, 2017, left shoulder x-ray showed no acute findings. The claim was held compensable for left shoulder strain on January 24, 2018. On March 26, 2018, a left shoulder MRI showed acromioclavicular joint arthropathy with edema of the acromioclavicular joint capsule. There was some fraying and attenuation of the biceps long head tendon and fluid in the bicep tendon sheath consistent with tenosynovitis.

In an April 9, 2019, Independent Medical Evaluation, Joseph Grady, M.D., noted that Mr. Flint reported continued left shoulder issues. Dr. Grady assessed 5% upper extremity impairment for range of motion loss, which converts to 3% whole person impairment. Dr. Grady then apportioned 2% for preexisting degenerative changes found on imaging. He therefore found 1% impairment for the compensable injury. The claims administrator granted a 1% permanent partial disability award on April 23, 2019.

Robert Walker, M.D., performed an Independent Medical Evaluation on August 2, 2019, in which he noted that Mr. Flint was diagnosed with thoracic, lumbar, and left shoulder sprains. He noted that Mr. Flint had a prior lumbar injury in 2014. Dr. Walker evaluated Mr. Flint's lumbosacral spine and assessed 8% impairment. He apportioned 2% for preexisting conditions and found that the remaining 6% impairment was due to Mr. Flint's 2014 injury, not the injury at issue. Dr. Walker also evaluated Mr. Flint's thoracic spine and found 5% impairment due to the compensable injury at issue. For the left shoulder, Dr. Walker found 9% left shoulder impairment and apportioned 2% for preexisting acromioclavicular joint arthropathy, as seen on an MRI. Dr. Walker's total impairment assessment was 12%.

On September 16, 2019, Michael Kominsky, D.C., performed an Independent Medical Evaluation in which he recommended additional physical therapy, a repeat MRI in six months, and follow-up with an orthopedist. Dr. Kominsky assessed 7% left shoulder impairment and

apportioned 1% for preexisting degenerative changes. In a September 18, 2019, Supplemental Report, Dr. Walker stated that there was a typographical error in his August 2, 2019, Independent Medical Evaluation. The report should have stated that there was 7% left shoulder impairment due to the compensable injury.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on November 18, 2019, in which he found that Mr. Flint had reached maximum medical improvement for the compensable left shoulder injury. He assessed 5% impairment for the left shoulder but also found 5% impairment in the uninjured right shoulder. Dr. Mukkamala therefore concluded that the claimant had 0% impairment due to the compensable injury.

In a November 22, 2019, Addendum to his September 16, 2019, Independent Medical Evaluation, Dr. Kominsky noted that there was a clerical error regarding the mechanism of injury but opined that such error did not affect his impairment rating. In a January 4, 2020, Supplemental Report, Dr. Walker stated that there was a clerical error in his August 2, 2019, Independent Medical Evaluation regarding the mechanism of injury but opined that such error did not affect his impairment rating.

The Office of Judges affirmed the claims administrator's grant of a 1% permanent partial disability award in its October 15, 2020, Order. It found that the claim was held compensable for a left shoulder strain. Lower back and thoracic injuries were not held compensable. The Office of Judges found that Dr. Grady's report was the most reliable of record. He assessed Mr. Flint's left shoulder only and found 3% impairment. He then apportioned 2% for preexisting degenerative changes, as noted on imaging. Though Dr. Grady was not at first clear regarding the mechanism of injury, his impairment rating was not affected by the misunderstanding.

The Office of Judges found that Dr. Walker's report was not reliable. Dr. Walker assessed the left shoulder, lumbar spine, and thoracic spine. He found 7% left shoulder impairment and 5% right shoulder impairment for a total of 12%. The Office of Judges determined that Dr. Walker's rating could not be used because it contained assessments of noncompensable conditions. Further, the Office of Judges found Dr. Walker's report to be confusing regarding the range of motion measurements.

Regarding Dr. Kominsky's report, the Office of Judges determined that Dr. Kominsky did not make a finding of maximum medical improvement and, in fact, recommended additional treatment in the form of physical therapy, an orthopedic appointment, and a repeat MRI. Further, Dr. Kominsky stated that Mr. Flint had a prior right shoulder injury, which rendered him unable to use the right shoulder measurements for apportionment purposes. However, Dr. Kominsky provided no additional details regarding such injury and no other physician of record noted a prior right shoulder injury. The Office of Judges concluded that Dr. Kominsky's report was unreliable. Regarding Dr. Mukkamala's report, the Office of Judges noted that the employer submitted the report and argued that Dr. Mukkamala's findings were similar to those of Dr. Grady. While Dr. Mukkamala did find 5% impairment in the injured shoulder, he also found 5% impairment in the uninjured shoulder. Dr. Mukkamala ultimately found 0% impairment attributable to the compensable injury. The Office of Judges concluded that Mr. Flint failed to submit persuasive

evidence that he sustained greater than 1% permanent partial disability. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 18, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The most reliable reports of record are those of Drs. Grady and Mukkamala. Dr. Grady found 1% impairment, and Dr. Mukkamala found 0% impairment attributable to the compensable injury. Mr. Flint failed to submit sufficient evidence showing that he is entitled to a greater permanent partial disability award than the 1% award already granted. Therefore, the 1% permanent partial disability award is affirmed.

Affirmed.

**ISSUED: September 19, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

4